IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:16-CR-56-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NICHOLAS OMAR MIDGETTE, ) | |
| ) | |
| Defendant. ) | |

On July 27, 2020, Nicholas Omar Midgette ("Midgette" or "defendant") moved for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582), filed records in support, and moved for appointment of counsel [D.E. 57]. On January 19, 2021, Midgette, through counsel, moved again for compassionate release and filed a memorandum and records in support [D.E. 63, 64]. On February 2, 2021, the government responded in opposition [D.E. 67]. As explained below, the court denies Midgette's motion.

I.

On May 1, 2017, without a plea agreement, Midgette pleaded guilty to distribution of a quantity of cocaine base (crack) and aiding and abetting (count one) and distribution of a quantity of cocaine base (crack) (counts two through six). See [D.E. 1, 28]. On August 16, 2017, the court held a sentencing hearing, adopted the facts set forth in the Presentence Investigation Report ("PSR"), and overruled Midgette's objections. See [D.E. 32, 33, 34, 44]; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Midgette's total offense level to be 23, his criminal history category to be III, and his advisory guideline range to be 57 to 71 months' imprisonment. See [D.E.

34]1; [D.E. 44] 9. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Midgette to 71 months' concurrent imprisonment on each count, for a total of 71 months' imprisonment. See [D.E. 33] 3; [D.E. 44] 9–17. Midgette appealed [D.E. 35]. On June 26, 2018, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Midgette, 728 F. App'x 224, 225–26 (4th Cir. 2018) (per curiam) (unpublished); [D.E. 45, 46].

On January 13, 2020, Midgette moved for relief under Federal Rule of Criminal Procedure 52(b) [D.E. 49]. On March 20, 2020, the government moved to dismiss Midgette's motion for failure to state a claim and filed a memorandum in support [D.E. 52, 53]. On September 17, 2020, Midgette moved for appointment of counsel to respond to the government's motion to dismiss [D.E. 62].

For the reasons stated in the government's memorandum, the court grants the government's motion to dismiss and dismisses as untimely, procedurally defaulted, and meritless Midgette's motion under Rule 52(b). The court also denies as meritless Midgette's motion to appoint counsel.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have

2

Case 4:16-cr-00056-D   Document 69   Filed 03/31/21   Page 2 of 8

served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.—

        (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

        (ii) The defendant is—

            (I) suffering from a serious physical or medical condition,

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>
> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

4

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See id. at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., id. at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

Midgette contends that he has exhausted his administrative remedies. See [D.E. 57] 1; [D.E. 63] 1–2; [D.E. 64] 1–2. The government does not invoke section 3582's exhaustion requirement. See United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[2] Accordingly, the court addresses Midgette's claim on the merits.

Midgette seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his request, Midgette cites the COVID-19 pandemic, his Human Immunodeficiency Virus ("HIV"), and his history of smoking. See [D.E. 57] 1–2; [D.E. 57-1] 1, 3; [D.E. 63] 1, 4–5; [D.E. 64] 1, 4–5.

---

[2] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

5

Midgette also cites his rehabilitation efforts, his release plan, and that he served over 50% of his sentence. See [D.E. 57] 2; [D.E. 63] 6–7; [D.E. 63-1]; [D.E. 64] 6–7; [D.E. 64-1].

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Although Midgette states that he suffers from HIV and a history of smoking, he has not demonstrated that he is not going to recover from these conditions or that they cannot be treated while Midgette serves his sentence. Accordingly, reducing Midgette's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Midgette's health conditions, rehabilitation efforts, and release plan are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing Midgette's sentence. See United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Midgette is 42 years old and engaged in serious criminal conduct in 2016. See PSR ¶¶ 7–8. Midgette trafficked 38.56 grams of cocaine base (crack). See id. Midgette used one person to deliver the drugs and obtain the money and another person to provide security. See id. When Midgette committed these six felonies, he was on federal supervised release for his 2011 conviction

6

Case 4:16-cr-00056-D   Document 69   Filed 03/31/21   Page 6 of 8

for possession of a firearm by a felon. See id. ¶ 18. Sadly, Midgette learned nothing from his first trip to federal prison or from being on supervised release.

Midgette is no stranger to the criminal justice system. In addition to his two federal convictions, Midgette has convictions for possession of marijuana (three counts), possession of drug paraphernalia, and resisting a public officer. See id. ¶¶ 13–19. Moreover, Midgette has performed poorly on probation and supervision. See id. ¶¶ 16–18. Nonetheless, Midgette has taken some positive steps while incarcerated. See [D.E. 57] 2; [D.E. 63] 6–7; [D.E. 63-1]; [D.E. 64] 6–7; [D.E. 64-1].

The court has considered Midgette's exposure to COVID-19, his health conditions, his rehabilitation efforts, and his release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Having considered the entire record, the steps that the BOP has taken to address COVID-19 and treat Midgette, the section 3553(a) factors, Midgette's arguments, the government's persuasive response, and the need to punish Midgette for his continued serious criminal behavior, to incapacitate Midgette, to promote respect for the law, to deter others, and to protect society, the court declines to grant Midgette's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 52], DISMISSES defendant's motion to amend [D.E. 49], DENIES defendant's motion for appointment of counsel [D.E. 62], and DENIES defendant's motion for compassionate release [D.E. 57].

7

SO ORDERED. This 30 day of March 2021.

                                                  JAMES C. DEVER III
                                                  United States District Judge